CAMPBELL (FALCONER v.). See Case No. 4,620.

CAMPBELL (FARRELL v.). See Cases Nos. 4,681 and 4,682.

CAMPBELL (FORMAN v.). See Case No. 4,939.

## Case No. 2,358.

### CAMPBELL v. HADLEY et al.

[1 Spr. 470.][1]

District Court, D. Massachusetts. April Term, 1859.

CONSTRUCTION OF STATUTE — IMPRISONMENT FOR DEBT—DISCHARGE — ADOPTING STATE LEGISLATION—TERMINATION OF SUIT.

1. The Massachusetts statute of 1857, c. 141, does not abolish imprisonment for debt, within the meaning of the United States statute of 1841, c. 2 [5 Stat. 410].

2. The United States statute of 1839, c. 35 [5 Stat. 321], is not prospective, but adopts state legislation as it then existed.
[Cited in U. S. v. Tetlow, Case No. 16,456.]

3. The conditions and restrictions upon which imprisonment for debt was allowed in Massachusetts, when the United States statute of 1839 was passed, were prescribed by the Massachusetts Revised Statutes of 1836, c. 97.

4. A discharge, by taking the poor debtor's oath, pursuant to the United States statutes of 1800, c. 4 [2 Stat. 5], and 1824, c. 3 [4 Stat. 1], is valid.
[Cited in U. S. v. Tetlow, Case No. 16,456.]

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

5. A suit is not terminated by the rendition of judgment, nor until satisfaction thereof.

6. The court has jurisdiction of all proceedings consequent upon the judgment to obtain satisfaction.
[See Pollock v. Lawrence Co., Case No. 11,255.]

7. Where a bond for the gaol-liberties is taken, and duly returned and enrolled, the court has jurisdiction of a petition in the nature of a scire facias, upon such bond.

F. W. Sawyer, for plaintiff.

J. H. Prince and J. H. Bradley, for respondents.

SPRAGUE, District Judge. In February last, the libellant had a decree in this court, against Alpheus Hadley, for $125 and costs, in an admiralty suit for a marine tort. Execution was sued out upon that decree, and Hadley was arrested thereon and committed to the common gaol, in Boston. Subsequently the debtor, with Caleb B. Watts and Francis Fluker as his sureties, gave bond for the gaol-liberties; that is, conditioned, among other things, that Hadley should continue a true prisoner, within the limits of the prison. Immediately after giving this bond, Hadley went beyond all the gaol-limits which had ever been established, and out of the commonwealth of Massachusetts. That bond has been returned and enrolled in this court, and this suit, in the nature of a scire facias, is now brought thereon.

Three objections have been taken by the respondents. 1. That the imprisonment was illegal, because the affidavit required by the Massachusetts statute of 1857, c. 141, as prerequisite to a commitment, was not made. 2. That at the time of executing this bond there were no prison limits, they having been abolished by the Massachusetts statute of 21st May, 1855. 3. That this court has not jurisdiction. It has not been contended by the learned counsel, that imprisonment for debt has been abolished in Massachusetts, within the meaning of the United States statute of 1841, c. 2. That question came before the circuit court, in this district, in Re Freeman [Case No. 5,083], and it was held by both the judges, that the Massachusetts statute of 1855 did not abolish imprisonment for debt, within the meaning of the act of congress of 1841. The reasons which governed the court in that decision, are applicable to the Massachusetts statute of 1857, and therefore imprisonment for debt is still allowed, on process issuing from the courts of the United States, in this district.

By the United States statute of 1839, c. 35, imprisonment for debt, where permitted, is subject to the conditions and restrictions prescribed by state legislation. In Re Freeman, above referred to, it was held that this statute was not prospective, and adopted only the state laws then existing; and to this opinion I still adhere. This is a complete answer to the first and second objections made

by the respondents, which rest wholly upon the Massachusetts statutes of 1855 and 1857. The validity of this bond must be tried by the laws respecting imprisonment for debt, as they existed in the state of Massachusetts, when the act of congress of 1839 was passed. At that time, the Revised Statutes of 1836, c. '97, § 63, was in force, and this bond seems to have been taken pursuant to its provisions, and is therefore valid. To prevent misapprehension, I think it proper to say that I do not mean to be understood that the mode of obtaining a discharge from confinement must necessarily be that which is prescribed by the state laws. The United States statutes of 1800, c. 4, and 1824, c. 3, have provided a mode of discharge, by taking the poor debtor's oath; and it has been decided by the supreme court of Massachusetts, in Lockhurst v. West, 7 Metc. 230, that a compliance with their requirements is sufficient.

The remaining objection is that this court has not jurisdiction. There is no doubt that the court had jurisdiction of the original suit. Indeed that must be considered as settled by the decree. The present application is but a continuation of the proceedings in that suit, in order to obtain satisfaction of the judgment. This view is sanctioned by several decisions. The United States statute of 1789, c. 21, speaks of the modes of process, and the statute of 1792, c. 36, speaks of the forms and modes of proceeding in the courts of the United States. The terms "modes of process," and "forms and modes of proceeding," as used in these acts, are said by Marshall, C. J., to be of the same import, and to embrace the whole progress of the suit, and every transaction in it, from its commencement to its termination, which does not take place until the judgment shall be satisfied. Wayman v. Southard, 10 Wheat. [23 U. S.] 1; Lockhurst v. West, 7 Metc. [Mass.] 232; Beers v. Haughton, 9 Pet. [34 U. S.] 329. A commitment on execution, and giving bond for gaol-liberties, are not a satisfaction of the judgment. Even after a discharge by taking the poor debtor's oath, a fieri facias may issue, in order to obtain satisfaction. In U. S. v. Knight [Case No. 15,539], Judge Story held that the United States statute of 1828, c. 68, adopted the state laws as they then existed, and that all proceedings consequent upon, and incident to writs of execution and other final process, until the complete satisfaction and discharge thereof, are properly, in the sense of the act, proceedings on the execution, or other final process; and that therefore the proceedings to obtain gaol-liberties, by a debtor imprisoned on such execution, or other final process, are "proceedings thereupon," within the scope and purview of the act. The taking of this bond was a proceeding in the suit, being consequent to a commitment on execution, and before the satisfaction of the judgment. The court, therefore, has jurisdiction.

Decree for the plaintiff with costs.