HANNAH L. TUCKER, Execx. *vs.* ELISHA R. POTTER *et al.*

PROVIDENCE—MARCH 5, 1900.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Pleading and Practice. Actions. Bonds. Sheriffs. Personal and Represent-ative Capacity.*

An action upon a judgment recovered by a deputy-sheriff in his life-time, rendered on a delivery bond running to said deputy-sheriff, his successors, executors, administrators, and assigns, is properly brought after the de-cease of said deputy-sheriff, by his personal representative. A deputy-sheriff has no successor in office, and the provisions of cap. 233, § 13, Gen. Laws R. I. have no application to the case at bar.

(2) *Actions on Bonds for Release of Attached Property.*

Though the deputy-sheriff, unless he has paid the creditor's claim, is a nom-inal party merely to the suit, the creditor can only sue in the name of the deputy-sheriff or his legal representative. The latter will hold the sum recovered, if the creditor has been paid, as assets of the estate, otherwise to the use of the creditor.

DEBT on judgment. The facts sufficiently appear in the opinion. Heard on petition of defendants for a new trial. New trial denied.

MATTESON, C. J. This is an action of debt brought by the executrix of Edward Tucker, formerly a deputy-sheriff for the county of Washington, on a judgment rendered on a delivery bond. The bond runs to " Henry Whipple, of Wes-. terly, in said county, Sheriff of said County, or to Edward Tucker, of South Kingstown, in said county, Deputy Sheriff," and is for the sum of $2,000 " to be paid to said Edward Tucker, Deputy Sheriff, as aforesaid, his successors, execu-tors, administrators, and assigns."

The case was heard before Mr. Justice Rogers, jury trial having been waived, who gave a decision for the plaintiff for $933.50. The defendants now petition for a new trial, alleg-ing that the decision is against the law and the evidence. The defendants' contention is that as the bond was given to the deceased as a deputy-sheriff, the suit should have been brought by his successor in office and not by the plaintiff, since the de-

ceased was a nominal party merely, and the bond was for the benefit of the creditor in whose suit it was given.    The defendants cite Gen. Laws R. I. cap. 233, § 13, as follows :    "No suit or proceeding commenced or pending by or against any officer, receiver, or trustee in his capacity as such, shall abate in consequence of his death or of his ceasing to hold his office, place, or trust within a year thereafter ; but at any time within a year thereafter his successor in office, place, or trust may come in and take upon himself the prosecution or defence of such action, suit, or proceeding."    They argue that the word "suit" includes all proceedings, after as well as before judgment, until the judgment has been satisfied, citing *Campbell* v. *Hadley*, 4 Fed. Cas. 1163 (case 2338) ; 1 Am. & Eng. Enc. Law, 2 ed. 578, and notes, and maintain on these authorities that the suit on the bond brought by Edward Tucker in his life-time as deputy-sheriff was pending at the time of his decease, and therefore passed under the statute to his successor in office, and not to his executrix.

(1)    The vice of the defendants' contention is that a deputy-sheriff has no successor in office.    He is appointed by the sheriff, and holds his office during the sheriff's pleasure, or until the sheriff ceases to be such ; but every appointment of a deputy-sheriff is a distinct and independent appointment, having no relation to any other appointment, either prior or subsequent.    This being so, the statute referred to has no application, and hence the suit was properly brought by the plaintiff as the legal representative of the deceased.

(2)    Though a deputy-sheriff, unless he has paid the creditor's claim, is a nominal party merely to the suit, the creditor can only sue in the name of the deputy-sheriff or his legal representative.    *Wilson* v. *Donnelly*, 19 R. I. 113.    The legal representative will hold the sum recovered, if the creditor has been paid, as assets of the estate ; and, if the creditor has not been paid, to the use of the creditor.

New trial denied, and judgment rendered on the decision.

*S. W. K. Allen*, for plaintiff.

*Edwards & Angell*, for defendants.